**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:02-CR-110-TS |
| | ) | (1:05-CV-299) |
| VERTRAN M. WHEATON | ) | |

**OPINION AND ORDER**

This matter is before the Court on Vertran M. Wheaton's Motion under 28 U.S.C. § 2255

to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 109], filed on August

24, 2005. The government responded on October 3, 2005, and the Defendant replied on October 24.

**BACKGROUND**

The Indictment in this case charged the Defendant, Vertran M. Wheaton, with knowingly

distributing more than five grams, but less than 50 grams, of cocaine base, commonly known as

crack, on October 4, 2002. On December 13, 2002, the Defendant moved to dismiss the Indictment,

but later withdrew the motion when he received new counsel. On April 8, 2003, the Defendant

requested an independent drug analysis, which was granted on April 10. On August 4, 2003, the

Defendant filed a *pro se* motion requesting a hearing to address the fact that money was taken from

him that did not match marked or pre-recorded buy money. The Defendant withdrew this motion

also.

On September 8, 2003, the government filed a notice of intent to use Rule 404(b) evidence.

The government stated that it intended to introduce evidence of the Defendant's involvement in an

uncharged drug buy less than three months before the sale charged in the Indictment. After briefing

by the parties, the Court ruled that the evidence was admissible.

The matter was tried to a jury on September 16 and 17, 2003. On September 17, the jury found the Defendant guilty of distributing crack in violation of 21 U.S.C. § 841(a)(1). On December 15, 2003, the Court sentenced the Defendant to ninety-two months of imprisonment and four years of supervised release.

On December 22, 2003, the Defendant filed his Notice of Appeal. On September 24, 2004, the court of appeals dismissed the Defendant's appeal by way of an unpublished order. The appellate court agreed with defense counsel's assessment of the appealable issues presented by way of an *Anders'* brief: it would be frivolous to argue that the district court abused its discretion by admitting Rule 404(b) evidence and by not permitting defense counsel to read from a court order during closing argument; the Defendant's confrontation clause claim relating to a photo array was frivolous, and; Detective Garman's and Cain's testimony provided sufficient evidence for the jury to find that the Defendant distributed crack.

On April 15, 2005, the Defendant filed his *pro se* Motion for Return of Money Not Connected with the Offense in this Cause on the basis that money confiscated by the government upon his arrest did not match the money the government used during the controlled purchase. The government did not object to the return of the money and on June 21, 2005, the Allen County Police Department returned the money to the mother of the Defendant's children.

On August 24, 2005, the Defendant filed his Motion under 28 U.S.C. § 2255, which has been fully briefed and is ripe for this Court's ruling.

**DISCUSSION**

2

**A.      Ineffective Assistance of Counsel**

The Defendant contends that his attorney provided ineffective assistance of counsel when he failed to do the  following: (1) challenge the sufficiency of the evidence presented to the grand jury; (2) file a Rule 12(b) pretrial motion to dismiss on the basis that the first lab report did not support the charge of distributing crack cocaine; (3) object to the admission of a second lab report; (4) properly interpret the defense expert's lab report; or (5) move for acquittal at trial or object at sentencing to the sufficiency of the government's evidence of cocaine base.

The Defendant's claim that his counsel was ineffective centers around whether the substance he was charged with, and convicted of, distributing was cocaine base, also known as crack, or whether it was instead a noncrack form of cocaine base. On October 4, 2002, the grand jury indicted the Defendant on charges of distributing cocaine base, commonly known as crack. The initial lab report from the Indiana State Police dated November 4, 2002, listed the drug as cocaine. A subsequent report, conducted on April 8, 2003, listed the drug as cocaine base. The Defendant's expert witness report, dated June 27, 2003, listed the drug as "cocaine (base)."

In seeking to prove that his counsel rendered ineffective assistance, the Defendant "bears a heavy burden." *Jones v. Page*, 76 F.3d 831, 840 (7th Cir.1996) (citation omitted). The standard for reviewing a claim of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* sets forth a two-prong analysis for determining ineffectiveness of counsel: (1) a showing that counsel's performance was deficient; and (2) a showing that the deficient performance prejudiced the defendant. 466 U.S. at 678. In order to prevail on his claim of ineffectiveness under the first prong (the "performance prong") of the *Strickland* test, the defendant must show that his counsel's performance fell below an objective standard of reasonableness. *Id.*

To satisfy the second prong (the "prejudice prong") of the *Strickland* test, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. *Id.* "A failure to establish either prong results in a denial of the ineffective assistance of counsel claim." *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002) (citation omitted).

**1.      *Sufficiency of Evidence Before Grand Jury***

The Defendant argues that the grand jury Indictment was not based on scientific evidence because the initial lab report indicated that the substance was cocaine, but the Indictment charged him with distributing cocaine base, commonly known as crack.[1] Accordingly, he believes that his Indictment should have been dismissed.

Moving to dismiss the Indictment would have been a losing endeavor and failure to raise a losing argument does not constitute ineffective assistance of counsel. *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir.1996). Although the Seventh Circuit has left open the possibility that exceptional cases may exist that require the government to present its case to the grand jury anew, this case does not represent such an exception. Moreover, "[t]he Supreme Court has never held that a district court may dismiss an indictment because of the quantity or quality of evidence used and has stated repeatedly that it may not." *United States v. Fountain* 840 F.2d 509, 514 n.1 (7th Cir. 1988); *see, e.g., United States v. Calandra,* 414 U.S. 338, 345 (1974); *Costello v. United States*, 350 U.S. 359, 362–63 (1956).

---

[1] Actually, the grand jury indicted the Defendant without the benefit of any lab report because the results of testing were still pending.

4

Even if the Defendant could have challenged the quantity of the evidence, the grand jury had sufficient evidence to indict the Defendant on charges of distributing crack cocaine without a lab report. The Seventh Circuit has recognized that the government is not required to perform scientific testing to determine if the cocaine in question is crack. *United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir. 2004). ("When a defendant is charged with the distribution of a controlled substance, 'the government need not prove the identity of a controlled substance by direct evidence, as long as the available circumstantial evidence establishes its identity beyond a reasonable doubt.'") (quoting *United States v. Dominguez*, 992 F.2d 678, 681 (7th Cir.1993)). Although the grand jury was told that the field test was positive for cocaine and that laboratory results were still pending, Special Agent Steven P. Kell also testified that the investigation of the Defendant was initiated upon information that the Defendant was distributing large amounts of crack cocaine and after a confidential informant told law enforcement that he had been buying crack from the Defendant for over a year. Witness testimony, including that from a buyer, may suffice to establish that a substance is crack cocaine. *See United States v. Bradley,* 165 F.3d 594, 596 (7th Cir. 1999) (stating that "those who smoke, buy, or sell this stuff are the real experts on what is crack").

Proceedings before a grand jury are not the equivalent of a trial. The function of a grand jury is to screen out cases where there is not probable cause to believe that a person committed an offense. *United States v. Fountain*, 840 F.2d 509, 514 (7th Cir. 1988). Here, there was probable cause to believe that the substance at issue was crack and defense counsel's failure to challenge the Indictment was not deficient.

5

**2.**      ***Pretrial Motion to Dismiss***

The Defendant argues that his counsel should have filed a pretrial motion to dismiss under

Rule 12(b) because the government's first lab report did not support the government's charge against

him for distributing cocaine base.

Rule 12(b)(2) provides that before trial, "[a] party may raise by pretrial motion any defense,

objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim.

P. 12(b)(2). "A defense generally is capable of determination before trial if it involves questions of

law rather than fact. If the pretrial claim is substantially intertwined with the evidence concerning

the alleged offense, the motion to dismiss falls within the province of the ultimate finder of fact."

*United States v. Yasak*, 884 F.2d 996, 1001 n.3 (7th Cir. 1989) (citations omitted); *see also United*

*States v. Taylor*, 931 F. Supp. 1447, 1451 (N.D. Ind. 1996) (citing *United States v. Shriver*, 989 F.2d

898, 906 (7th Cir.1993)). The Rule does not provide for the equivalent of a summary judgment

proceeding in the civil context. Rather, "at the pretrial stage, the indictment ordinarily should be

tested solely by its sufficiency to charge an offense, regardless of the strength or weakness of the

government's case." *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir.1988).

The Defendant's challenge to the government's sufficiency of the lab report to support the

charges against him involved a factual determination for the jury. The Defendant's claim that his

counsel was ineffective for failing to file a 12(b) motion does not get past the first prong of the

*Strickland* test.

**3.**      ***Objection to Admission of Second Lab Report***

The Defendant contends that the second lab report conducted by the Indiana State Police was

6

irrelevant because it was never presented to the grand jury and a Superceding Indictment was not filed. He argues that his attorney should have objected to the introduction of the irrelevant lab report at trial.

The Defendant is incorrect in his characterization of the second lab report as irrelevant. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. The second lab test, which was requested when the analyst was unable to conduct a confirming test during his first analysis, meets this definition. In addition, the fact that the lab report was not presented to the grand jury did not prohibit the government from introducing it at trial. *See, e.g., United States v. Williams*, 504 U.S. 36, 69 (1992) ("A grand jury proceeding is an ex parte investigatory proceeding to determine whether there is probable cause to believe a violation of the criminal laws has occurred, not a trial."); *Fountain*, 840 F.2d at 514 ("The trial is a full, adversarial presentation, in which the live witnesses and exculpatory evidence missing in the grand jury come to the fore."). Neither was a Superceding Indictment necessary to render the lab report relevant; the original Indictment already charged the Defendant with distributing cocaine base, commonly known as crack.

The Court finds no deficiency in defense counsel's choice not to object to the relevancy of the lab report. Moreover, the Defendant has not shown a reasonable probability that the result of his trial would have been different. Both the confidential informant and the undercover detective testified regarding the nature of the drugs. The confidential informant testified that the Defendant had been his supplier of "crack cocaine" for over a year.

**4.**      ***Defense Expert's Lab Report***

The Defendant argues that his attorney misinterpreted the lab report when he did not realize

that "cocaine (base)" does not mean "cocaine base"—it means "cocaine." The Defendant argues that

"base" simply refers to cocaine's scientific name.

Most cocaine imported into the United States is first converted into cocaine hydrochloride

(cocaine salt), commonly referred to as powder cocaine. *United States v. Edwards*, 397 F.3d 570,

574 (7th Cir. 2005). Powder cocaine can be converted back into base cocaine by a process that

"frees" the base from the hydrochloride. *Id.*  Freed of the hydrochloride, the cocaine returns to its

base form—whether in the form of crack or otherwise—and is chemically identical to "cocaine."

*Id.*      While it is true that "[a]ll crack is cocaine base but not all cocaine base is crack," *Edwards*,

397 F.3d at 571, the Defendant's conviction for distributing crack is based on more than lab reports.

Moreover, the Defendant offers only his speculation that the report's reference to "cocaine (base)"

did not mean crack cocaine but was instead intended as a reference to a noncrack form of cocaine

base. The forensic scientist from the Indiana State Police who tested the drugs purchased by

Detective Cain on October 4, 2002, testified that cocaine base was commonly referred to as crack

and generally comes in a rock-like form. He stated that after his initial test of the drugs, he

concluded that the substance was cocaine base, commonly known as crack cocaine. He further

explained that impurities hampered his confirmatory testing. When later asked to re-analyze the

substance, he used a different extraction procedure that allowed him to determine that the substance

contained cocaine base and that it was not cocaine hydrochloride. When asked, at trial, whether the

substance appeared to be crack or powder cocaine, the scientist identified the substance as appearing

to be cocaine base, or crack. In addition, testimony from the confidential informant, who was an

admitted crack addict and regularly purchased crack cocaine from the Defendant, and from Detective Cain, who participated in the controlled buy, supported the jury's finding that the substance was crack cocaine.

The Defendant has failed to establish that his lawyer acted deficiently when he did not introduce the lab report finding of cocaine (base) at trial or that he was prejudiced by this failure, such that the outcome of the trial would have been different.

**5.      *Sufficiency of Evidence that Substance was Cocaine Base or Crack***

The Defendant contends that the government never proved that the substance he distributed was "crack" and that his attorney should have moved for acquittal and objected to his sentence under the cocaine base provision of the sentencing guidelines.

First, the Defendant's attorney did move for judgment of acquittal, and argued, inter alia, that the evidence was insufficient to prove that the substance distributed was crack. Second, as discussed above, the evidence supported the jury's finding that the Defendant distributed crack cocaine. On direct appeal, the Seventh Circuit held that the verdict was based on sufficient evidence.

The jury's finding also justified using the United States Sentencing Guideline base offense level for crack cocaine, as opposed to other forms of cocaine. The United States Sentencing Guidelines indicate that "cocaine base" means "crack" which is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate and usually appearing in a lumpy, rock-like form. U.S.S.G. § 2D1.1(c), Note D; *see also Edwards*, 397 F.3d at 577 (reaffirming circuit's position that for purposes of the mandatory minimum sentence in 21 U.S.C. § 841(b)(1)(A)(iii), the phrase "cocaine base" refers to cocaine base that constitutes crack).

Again, the Court has found no deficiency in counsel's representation and the Defendant has not established prejudice.

**B.      Newly Discovered Evidence**

The Defendant argues that the government's return of the money it confiscated from him upon his arrest is evidence that the drug transaction for which he was convicted never took place.

"A bona fide motion for a new trial on the basis of newly discovered evidence falls outside § 2255 because it does not contend that the conviction or sentence violates the Constitution or any statute." *United States v. Evans*, 224 F.3d 670, 673–74 (7th Cir. 2000). Even if the Court considered the Defendant's argument as a motion under Rule 33 for a new trial on the basis of newly discovered evidence, it would fail. The government never represented to the grand jury or the jury that the money it recovered was the money Detective Cain used to buy the drugs. The government witnesses conceded at trial that the buy money was not found in the Defendant's possession. The Defendant, knowing that the cash found in his pocket did not match the government's buy money, testified at trial that the police never found any marked money on him or in his car. He provided his own explanation for the source of the money and presented witnesses in support of his theory. As the government states in response to the Defendant's motion, "it is hard to fathom how additional evidence on an undisputed issue could produce an acquittal." (Gov't Resp. at 26.)

The Defendant's challenge to his conviction on the basis of newly discovered evidence does not have merit.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence [DE 109] is DENIED.

SO ORDERED on October 31, 2005.


                                 s/ Theresa L. Springmann
                                THERESA L. SPRINGMANN
                                UNITED STATES DISTRICT COURT